IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BASIC RESEARCH, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BDIRECT, INC., a California corporation, NOAH BREMEN, TEAM DIRECT MANAGEMENT, LLC, an Arkansas limited liability company, and GARY ALECUSAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT BDIRECT'S MOTION TO DISMISS OR TRANSFER THIS ACTION<br><br><br><br>Case No. 2:06-CV-932 TS |

The "first to file" rule provides that where two courts have concurrent jurisdiction, generally, the first court in which jurisdiction attaches has priority to consider the case.[1] One of the two courts with concurrent jurisdiction has already ruled that this Court has priority to consider the case and transferred the later filed case to this district. The Court

---

[1] *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982); *See Republic Ins. Co. v. Sinclair Oil Corp.*, 791 F.Supp. 278, 280 (D. Utah 1992) (policy reasons behind the rule require that it not be mechanically applied).

1

finds no reason to revisit that application of the rule and transfer of the later-filed case to this jurisdiction.

On November 2, 2006, Plaintiff Basis Research, LLC (Basic) filed this case against Bdirect, Inc. (Bdirect) and its president, Noah Bremen (Bremen), seeking declaratory relief that they owe approximately $704,153 to Basic for overpayments in commissions. The next day, Bdirect filed it own action (second filed case) in the United States District Court for the Central District of California "asserting state law causes of action, most of which related to the deducted commissions."[2] In December 2006, Bdirect filed an amended Complaint adding several defendants and asserting additional claims "including fraud, trade secret misappropriation, and illegal interception of wire and electronic communications."[3]

Basic, defendant in the California case, filed a motion in that case to dismiss, or in the alternative, to transfer the case to this district. Bdirect, defendant herein, filed the present motion to dismiss or to transfer this case to California under the first to file rule.

On February 9, 2007, the California Court ruled that Basic was subject to personal jurisdiction in California, found venue was proper in California, but nonetheless transferred the case to Utah under the first to file rule.[4] That case was assigned the case No. 2:07-

---

[2] Order Re: Defendant's Motion to Dismiss, or, in the Alternative, to Transfer Bdirect, Inc. v. Basic Research, LLC, Case No. CV 06-7088 GAF, at *1 (C.D. Cal. February 9, 2007).

[3] *Id.* at 2.

[4] *Id.* at 3–5.

CV-98 TS[5] in this district.

Bdirect argues that this Court should disregard the California Court's ruling on the issue, hold an evidentiary hearing, and dismiss this case or transfer it to California on the basis that it was an anticipatory filing and, therefore, the first to file rule should not apply.

This Court declines to revisit the decision the California Court made on the identical issue now before this Court. The issue was squarely raised by these same parties in an action containing the identical claims regarding the commissions. The fact that Defendant disagrees with the resultant ruling is not sufficient grounds for this Court to disregard the well-considered decision of the California Court. Further, at this point, it only makes sense to apply the first to file rule and keep this case in Utah because Case No. 2:07-CV-98 TS, raising the same claims between the same parties, is already transferred here. Under the law of the case doctrine, the decision to transfer that case stands absent a showing "that the decision was clearly erroneous and would work a manifest injustice"[6]—a showing not made regarding the California Court's decision. Accordingly, the Court denies the Motion to revisit the California Court's ruling and dismiss or transfer this first-filed case to California under the asserted anticipatory filing exception to the rule. It is therefore

---

[5]Basic has moved to consolidate this case with 2:07-CV-98 TS.

[6]*Wessel v. City of Albuquerque,* 463 F.3d 1138, 1143 (10th Cir. 2006) (holding doctrine of law of the case is to be applied with "good sense" but that exceptions are to be narrowly construed) (quoting *Grigsby v. Barnhart*, 294 F.3d 1215, 1218, 219 n.4 (10th Cir. 2002)).

3

ORDERED that Defendants' Motion to Dismiss or Transfer (Docket No. 10) is DENIED.

DATED  April 16, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge