IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BASIC RESEARCH, LLC,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>BDIRECT, INC. et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:06-CV-932 TS |

This matter is before the Court on the Motion to Dismiss filed by Defendants Bremen, Team Direct, and Alecusan.[1]  Defendants move to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

I.  INTRODUCTION

Plaintiff Basic Research ("Basic") is a Utah manufacturer/distributor of diet pills, supplements, and other over-the-counter health products.  Defendant Bdirect is a California sales representative company, and Defendant Bremen, a California resident, is its president. Defendant Alecusan, a resident of Arkansas, is the Managing Member and President of Team

---

[1]Docket No. 12.

1

Direct, an Arkansas sales representative company. Bremen formed Team Direct, and maintains an interest in the company.

Pursuant to a contractual relationship beginning in 2003 and ending in 2006, Bdirect acted as Basic's sales representative. In 2005, Bremen formed Team Direct, and at some point, Team Direct began representing an alleged competitor of Basic—Iovate. Basic alleges, in part, that during the abovementioned relationship, Bdirect, at the behest of Bremen, blind copied e-mail information—protected by confidentiality agreements between Bdirect and Basic—from Basic to Team Direct resulting in harm to its business.

Basic brings the following claims against Defendants: (1) declaratory relief against Bdirect and Bremen relating to alleged unpaid commissions, (2) violation of the Wire and Electronic Communication Interception Act, 18 U.S.C. § 2510, against all Defendants, (3) violation of Interception and Communications Act, Utah Code Ann. § 77-23(a)-1, against all Defendants, (4) violation of Uniform Trade Secrets Act, Utah Code Ann. § 13-24-1, et seq., against all Defendants, (5) violation of Arkansas Trade Secrets Act, Arkansas Code Ann. § 4-75-601, et seq., against all Defendants, (6) civil conspiracy, (7) breach of contract, (8) breach of implied contract against Bdirect and Bremen, (9) breach of covenant of good faith and fair dealing, against Bdirect and Bremen, (10) fraud and fraudulent concealment against Bdirect and Bremen, (11) intentional interference with prospective economic relations, against Bdirect and Bremen, (12) breach of fiduciary duty against Bdirect and Bremen, and (13) negligent misrepresentation.

Defendants, with the exception of Bdirect, now move for dismissal for lack of personal jurisdiction. The Court, having reviewed the memoranda and affidavits, issues the following ruling.

## II.  DISCUSSION

"When the evidence presented on the motion to dismiss consists of affidavits and other written materials [as is the case here], the plaintiff need only make a prima facie showing."[2] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ."[3]

"'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[4] Similarly, in a federal question case, the federal court must determine "(1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'"[5]  "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[6]

---

[2] *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[3] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

[4] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[5] *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000).

[6] *Sys. Designs, Inc. v. New Customward Co.*, 248 F.Supp. 2d 1093, 1097 (D. Utah 2003).

To satisfy the constitutional requirement of due process, there must be "minimum contacts" between the defendant and the forum state.[7] The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.

For general jurisdiction to exist, "'the defendant must be conducting substantial and continuous local activity in the forum state.'"[8] The parties' arguments focus largely on specific, rather than general personal jurisdiction.

When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[9] In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[10] "This requirement of 'purposeful availment' for purposes of specific jurisdiction precludes personal jurisdiction as the result of 'random, fortuitous, or attenuated contacts.'"[11]

In addition to minimum contacts, "[a] district court must also consider whether personal jurisdiction is reasonable in light of the circumstances surrounding the case."[12]

---

[7]*World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

[8]*Soma*, 196 F.3d at 1295 (quoting *Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992)).

[9]*Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

[10]*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[11]*Bell Helicopter*, 385 F.3d at 1296 (citing Burger King, 471 U.S. at 475.)

[12]*Id.* at 1296 n.1 "Courts consider the following factors to decide whether exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4)

Defendants argue that there is no specific jurisdiction over them because they performed no act in Utah. Defendants contend that neither Bremen nor Alecusan, in their individual capacities, or Team Direct in any capacity, purposely directed any activities at residents of Utah.

Plaintiff contends that specific jurisdiction exists for several reasons. First, Plaintiff argues that Defendants, which were related through Bremen, conspired to intercept Basic's Utah-based communications, confidential information, and trade secrets. Second, Plaintiff contends that such information was part of a contractual relationship between Plaintiff and Bdirect, formed as a result of Utah negotiations involving Bremen. Moreover, one contract from the relationship contains a Utah choice of law provision. Third, Plaintiff alleges that it suffered injury here in Utah as a result of the activity alleged. Fourth, Plaintiff argues that Bremen's status as an officer of Bdirect does not shield him from a finding of personal jurisdiction.

As a preliminary matter, the Court finds Defendants' arguments relating to the issue of Bremen's failure to act in an individual capacity to be unconvincing. Under Utah law, it is well established that despite limited liability, an officer or director of a corporation can incur personal liability by participating in corporate torts.[13] The Court notes that there appears to be no Arkansas law on this issue. No such authority has been set forth by the parties. However, the Court finds that extension of the Utah rule to an Arkansas limited liability company is

---

the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies." *Id.*

[13] *D'Elia v. Rice Dev., Inc.*, 2006 UT App 416, ¶¶ 37-43, 147 P.3d 515 (discussing *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, 70 P.3d 35 (citing 3A William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 1137, at 209 (rev. ed. 2002))).

appropriate given the breadth of case law on this issue,[14] as well as the similarity between the relevant state statutes detailing the limited liability form.[15]

The Court further finds sufficient minimum contacts to establish specific jurisdiction with respect to Bremen. The alleged facts clearly set forth that Bremen came to Utah in 2003 pursuant to the negotiations of the contractual relationship subsequently entered into between Bdirect and Basic. At least one of the related contracts at issue contains a Utah choice of law provision. Accordingly, Bremen purposefully availed himself of the privilege of conducting activities within Utah, thus invoking the benefits and protections of Utah law. Moreover, it is alleged that many of Bremen's representations, which form, in part, the basis of Basic's claims, occurred during the 2003 visit, thereby establishing that Basic's claims arise out of activities related to Bremen's contact with the forum. Finally, the Court holds that, as a result of Bremen's contact with Utah, a finding of personal jurisdiction is reasonable. Accordingly, the Court will deny Defendants' Motion as it relates to Defendant Bremen.

However, the Court finds that sufficient minimum contacts have not been asserted with respect to Alecusan and Team Direct. Basic has not alleged any contacts by Alecusan and Team Direct by which these two defendants purposefully availed themselves of the privilege of conducting activities within Utah. At base, Basic alleges that Alecusan and Team Direct were forwarded e-mails from Basic, and, as part of a conspiracy, later used those e-mails to damage Basic's business through activities outside of Utah. So-called interception of e-mail in this manner does not constitute purposeful availment, but rather, creates, if anything an extremely

---

[14]*Id.*

[15]*Compare* Arkansas Code Ann. § 4-32-403 *with* Utah Code Ann. § 48-2c-601.

attenuated contact. Even construing Basic's brief to argue a conspiracy theory of personal jurisdiction—whereby sufficient minimum contacts by a nonresident conspirator establish personal jurisdiction over nonresident coconspirators[16]—it is questionable as to whether such a theory is acceptable under the Due Process Clause.[17] Even were the theory clearly accepted by the Tenth Circuit,[18] Basic has failed to assert by affidavit that defendants conspired to commit any overt act in Utah in furtherance of the conspiracy.[19] The Court further finds that subjecting these defendants to suit in Utah would not be reasonable under the alleged facts of this case. Therefore, the Court will grant Defendants' Motion with respect to Defendants Alecusan and Team Direct.

Finally, the Court notes that, while the parties argue the subject of personal jurisdiction under Utah's long arm statute in detail, the Court need not address the issue as it finds that the minimum contacts and reasonableness issues under the Due Process Clause are determinative for the purposes of the instant Motion.

---

[16] *See Am. Land Program v. Bonaventura Uitgevers Maatschappij*, N.V., 710 F.2d 1449, 1454 (10th Cir. 1983); *M.B. Baldridge v. McPike, Inc.*, 466 F.2d 65, 68 (10th Cir. 1972).

[17] *See, e.g.*, *In re Lernout & Hauspie Sec. Litig.*, No. Civ.A.00-11589-PBS, 2004 WL 1490435, at *8 (D. Mass. June 28, 2004); *In re New Motor Vehicles Canadian Exp.*, 307 F.Supp. 2d 145, 158 (D. Me. 2004); *Kipperman v. McCone*, 422 F.Supp. 860, 873 n.14 (N.D. Cal. 1976).

[18] The Court notes that it need not look to a state court's interpretation of the Due Process Clause in this context. *E.g.*, *Leney v. Plum Grove Bank*, 670 F.2d 878, 880 (10th Cir. 1982). Nonetheless, the Court finds no authority either in the Tenth Circuit or Utah finding personal jurisdiction as a result of the conspiracy theory of personal jurisdiction.

[19] *Bonaventura*, 710 F.2d at 1454 (finding significant that Plaintiff failed to assert by affidavit that defendants conspired to commit overt act in forum).

III.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 12) is GRANTED IN PART and DENIED IN PART.  Defendants' Motion is GRANTED as it relates to dismissal of Defendants Alecusan and Team Direct from this suit.  Defendants' Motion is DENIED as it relates to Defendant Bremen.  Bremen remains as a defendant in this action.

DATED   August 2, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge